IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOMMY ROBINSON, #226-992

    Plaintiff,

        v.                            Civil Action No. DKC-18-295

KIMBERLY MARTIN,
WARDEN RICHARD GRAHAM, JR.,
ASSISTANT WARDEN WEBER,
SECURITY CHIEF BUTLER,
CAPT. GORDON,
CAPT. WHITESIDE,
SGT. SHAVER, 4-12 Shift Supervisor,
ALL NAMED MEDICAL STAFF,
JANNETTE CLARK, CRNP,
ALL UNKNOWN NAMED DOC OFFICERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Mr. Robinson has filed at least one notice of appeal concerning the denial of a preliminary injunction and possibly other issues. (ECF Nos. 60 and 62). The appeals remain pending, although the Fourth Circuit has cautioned him that some material is overdue. ECF No. 69. It is not entirely clear, because of the sequence of events, whether he has appealed from the granting of summary judgment.

Following this court's March 12, 2019 entry of judgment (ECF Nos. 58 and 59), Mr. Robinson filed two motions: (1) for leave to amend complaint on March 22, 2019. (ECF No. 65) and (2) a "motion to alter or amend the judgment" on March 28, 2019, requesting additional time to prepare a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). (ECF No. 67).

Generally, an appeal divests a trial court of jurisdiction over any aspect of the case involved in the appeal. If Mr. Robinson only appealed the denial of a preliminary injunction, then the court

may still have jurisdiction over the more recently filed motions. Even if he has appealed the final judgment, the court may retain jurisdiction over matters "in aid of the appeal." *Corsair Special Situations Fund, LP v. Engineered Framing Sys., Inc.,* 2009 WL10682046 *4 (D.Md. April 16, 2009) (*citing Fobian v. Storage Tech. Corp*., 164 F.3d 887, 890 (4th Cir. 1999). Finally, the filing of a Rule 59 motion may extend the time for filing a notice of appeal from the final judgment. Fed.R.App. 4(a)(4)(iv). In any event, this court may adjudicate the motions.

The court may not grant an extension to file a Rule 59(e) motion, see Fed.R.Civ.P. 6(b)(2). While the motion was titled and docketed as one to alter/amend, the only basis stated is that there is a genuine dispute of material facts. Mr. Robinson seeks additional time to supply the Memorandum of Law and exhibits. He is reminded that a motion to alter or amend governed by Fed. Rule of Civ. Proc. 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see*

*also In re: Reese*, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.' ") (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Mr. Robinson will be granted a brief extension to supplement his motion to alter or amend.

Mr. Robinson has also filed an additional request for time to amend his Complaint to include new defendants whom he believes "had conspired against him & wanted to get him thrown into lock-up and maced and killed in order to shut him up" (ECF No. 65 at 2, ¶ 10). A "district court may not grant" a post-judgment motion to amend a complaint "unless the judgment is vacated pursuant to Fed. R. Civ. Proc. 59(e) or 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "[A] court should evaluate a post-judgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *Laber*, 438 F.3d at 427). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending

the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle*, 637 F.3d at 470 (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

"The *Laber* court went on to add that delay alone ordinarily will not be sufficient to deny a motion to amend with the caveat that the further the case progresses, the more likely it is that the amendment will prejudice the opposing side or will help support a finding of bad faith." *Strickland v. Jewell*, 562 F. Supp. 2d 661, 668 (M.D. N.C. 2007). There is no evidence adduced here that Mr. Robinson was targeted for retaliatory purposes based on his requests for medical care. As such, an attempt to amend the Complaint after the conclusion of the case based on a mere belief that retaliation may occur is at best futile and may ultimately be found to have been made in bad faith. In any event, it is premature to consider any request to amend and the motion will be denied without prejudice.

Accordingly, it is this 24th day of April 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion for time to supplement his motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) (ECF No. 67) BE, and the same hereby IS, GRANTED, and any supplement is due no later than May 12, 2019;

2. Plaintiff's motion for leave to amend (ECF No. 65) BE, and the same hereby IS, DENIED without prejudice; and

3. The Clerk IS DIRECTED to mail a copy of this Order to Plaintiff and to transmit same to counsel of record.

/s/
DEBORAH K. CHASANOW
United States District Judge